UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 03-20010-CIV-SEITZ/TURNOFF

ABEL RIZO,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION AND CLOSING CASE

THIS MATTER came before the Court on the Magistrate Judge's Report and Recommendation Re: Petitioner's Ineffective Assistance of Counsel Claim [DE-67] (Report), in which Magistrate Judge Turnoff recommends denying Petitioner's ineffective assistance of counsel claim, as set forth in his Motion to Vacate, Set Aside, or Reduce Sentence Pursuant to Title 28 U.S.C. § 2255 [DE-1]. In his initial Motion, Petitioner raised four ineffective assistance of counsel claims. After appeal of the original order dismissing all of Petitioner's claims,[1] the Eleventh Circuit held that the trial court erred by denying Petitioner's request for an evidentiary hearing as to his claim that counsel was ineffective for failing to pursue potential alibi witnesses [DE-44]. The Eleventh Circuit then remanded the case with instructions to hold an evidentiary hearing on the alibi witness issue. Thus, the only claim that remained after remand is whether trial counsel was ineffective for failing to interview or call alibi witnesses.

Following an evidentiary hearing, at which nine witnesses testified, including several of

---

[1] The Court granted a Certificate of Appealability on the issue of whether the District Court erred in denying Petitioner's claim that his trial counsel was ineffective for failing to interview or call alibi witnesses without holding an evidentiary hearing. *See* DE-38.

the alibi witnesses, the Magistrate Judge made three key findings: (1) that Petitioner failed to give his attorney adequate information concerning the potential alibi witnesses; (2) that, even if Petitioner's attorney had known what testimony the alibi witnesses would have given, the attorney would not have called the witnesses as a matter of strategy; and (3) that the alibi witnesses would not have affected the outcome of the proceedings because they did not provide plausible alibis for Petitioner. Consequently, the Magistrate Judge's Report recommends denying Petitioner's claim. Petitioner has filed objections to the Report and has requested a *de novo* hearing [DE-71].[2] Having reviewed the record, the Motion, the Objections, and the evidentiary hearing transcripts,[3] *de novo*, the Court finds that Petitioner has not shown that his counsel's actions meet the first prong of *Strickland* – deficient performance. To be entitled to relief, Petitioner must establish both prongs of *Strickland,* deficient performance and prejudice. Consequently, even if Petitioner suffered prejudice as a result of counsel's action, Petitioner is not entitled to relief.[4] Therefore, Petitioner's claim is denied.

---

[2]Petitioner has also filed a Notice of Supplemental Authorities [DE-73]. However, all of the cases listed in this supplement pre-date Petitioner's Objections and, therefore, should have been included therein. Moreover, none of the authorities cited are binding on this Court. Finally, the Ninth Circuit opinion cited has been withdrawn and superseded. *See Vega v. Ryan,* 757 F.3d 960, 961 (9th Cir. 2014).

[3]Because the Court is not rejecting the Magistrate Judge's credibility determinations, the Court need not hold another evidentiary hearing. *See U.S. v. Raddatz,* 447 U.S. 667, 673-74 (1980); *Wofford v. Wainwright,* 748 F.2d 1505, 1509 (11th Cir. 1984).

[4]Under *Strickland,* "there is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." *Strickland v. Washington,* 466 U.S. 668, 697 (1984).

I.   **Background**[5]

A jury convicted Petitioner of seven charges: (1) conspiracy to possess cocaine, with intent to distribute; (2) possession of cocaine, with intent to distribute; (3) obstruction or delay of commerce by robbery on June 29, 1992 ("Lozano Robbery"); (4) using and carrying a firearm during the commission of a crime of violence and drug-trafficking crime on June 29, 1992; (5) attempted Hobbs Act robbery on April 30, 1994 ("Cano Robbery"); (6) attempted Hobbs Act robbery on November 24, 1993 ("De la Torre Robbery"); and (7) using and carrying a firearm during the commission of a crime of violence and drug-trafficking crime on November 24, 1993. Additionally, at trial, testimony came out related to an uncharged offense, referred to as the "Carmelo rip off," which occurred in March/April of 1994.[6]

All of the alibi witnesses who testified at the evidentiary hearing are individuals Petitioner knows from his time at Lambuth University, which began in August 1992. These witnesses could not address the Lozano Robbery, which pre-dates Petitioner's attendance at the university. Petitioner's only alibi witness for the Lozano Robbery is his now-deceased grandfather, who testified at Petitioner's August 22, 1997 sentencing.

II.  **Petitioner's Objections**

Petitioner does not object to the Magistrate Judge's summary of the case or summary of

---

[5]The Report and Recommendation sets out a far lengthier summary of the procedural background of this case. *See* DE-67, at 1-5. A summary of the earlier procedural history can be found in DE-38. This brief summary is simply for context.

[6]Because this evidence was unexpected, counsel could not have been expected to consider presenting an alibi defense to this uncharged crime. Thus, the Court will not address this issue further.

3

the evidence presented at the evidentiary hearing.[7] After a *de novo* review of the record, the Court adopts the Report's summary of the case and evidence and will not restate it here.

Petitioner asserts that the Report is based on three false conclusions: (1) Petitioner's witnesses did not come forth until years after the trial and, therefore, their self-serving affidavits and testimony should be viewed as suspect; (2) Petitioner's witnesses' testimony and exhibits were only relevant for the dates the robberies occurred and not for the dates that the Government's cooperating witnesses claimed Petitioner was in Miami engaging in planning and preparation for the robberies; and (3) the Government's case was "sound." None of these objections directly challenge the Report's conclusion that counsel's performance was not deficient as it related to the alibi witnesses; instead, they challenge the second prong of *Strickland* – prejudice. Thus, even if the Court were to sustain these objections, Petitioner's objections would not change the conclusion that counsel's performance was not deficient because Petitioner did not provide his counsel sufficient information about the witnesses.

### III.  Applicable Legal Standards

*Strickland – Ineffective Assistance of Counsel*

In order to succeed on his ineffective assistance of counsel claim, Petitioner must establish that: (1) his counsel's representation fell below an objective standard of reasonableness and (2) the deficient performance prejudiced Petitioner. *See Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Under the first prong of the *Strickland* standard, Petitioner bears a heavy burden: he "must establish that no competent counsel would have taken the action that his

---

[7] While Petitioner does not object to the summary of the evidence presented at the evidentiary hearing, he does object to the various weights the Magistrate Judge accorded to the different witnesses' testimony.

counsel did take." *Chandler v. U.S.*, 218 F.3d 1305, 1315 (11th Cir. 2000) (citation and footnote omitted). Under the second prong, Petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

*Failure to Investigate*

Petitioner's claim is based, in part, on his counsel's failure to investigate possible alibi witnesses. The Eleventh Circuit has discussed the duty to investigate:

> Because the reasonableness of counsel's acts (including what investigations are reasonable) depends "critically" upon "information supplied by the [petitioner]" or "the [petitioner]'s own statements or actions," evidence of a petitioner's statements and acts in dealing with counsel is highly relevant to ineffective assistance claims. *Strickland*, 104 S. Ct. at 2066. "[An] inquiry into counsel's conversations with the [petitioner] may be critical to a proper assessment of counsel's investigation decisions, just as it may be critical to a proper assessment of counsel's other litigation decisions." *Id.* ("[W]hen a defendant has given counsel reason to believe that pursuing certain investigations would be fruitless or even harmful, counsel's failure to pursue those investigations may not later be challenged as unreasonable.").

*Chandler*, 218 F.3d at 1318-19 (brackets in original & footnote omitted). Thus, whether counsel's actions were reasonable depends on the information Petitioner conveyed to his counsel and when that information was conveyed.

*Decision to Call Witnesses*

The Eleventh Circuit has stated, "[w]hich witnesses, if any, to call, and when to call them, is the epitome of a strategic decision, and it is one that we will seldom, if ever, second guess." *Waters v. Thomas*, 46 F.3d 1506, 1512 (11th Cir. 1995). Under *Strickland* reviewing courts are encouraged "to allow lawyers broad discretion to represent their clients by pursuing their own

strategy," *White v. Singletary*, 972 F.2d 1218, 1221 (11th Cir. 1992), and must give "great deference" to reasonable strategic decisions, *Dingle v. Secretary for Department of Corrections*, 480 F.3d 1092, 1099 (11th Cir. 2007).

## IV. Discussion of Relevant Evidence

The Magistrate Judge found that counsel's performance was not deficient in failing to investigate and call alibi witnesses. As discussed below, after a *de novo* review, the Court concludes that based on the information Petitioner's counsel had prior to trial, counsel's decision not to investigate the alibi witnesses was not deficient. Further, even if counsel had investigated the alibi witnesses, a decision not to call them at trial was not deficient. Consequently, Petitioner has not met the first prong of *Strickland* and his Motion must be denied.

*Counsel Was Not Deficient for Failing to Investigate*

At the evidentiary hearing before the Magistrate Judge, Petitioner's counsel testified that when he spoke with Petitioner, Petitioner said that he had names of people who could testify that he was in Tennessee. DE-62, Tr. 11/27, 126:8-10, 126:22-23. Petitioner similarly testified that he told counsel that he had five possible alibi witnesses. *Id.* at 45:8-10. However, when counsel asked if these people would be able to say that Petitioner was in Tennessee on April 30 and November 24, 1993, the dates of the Cano and De la Torre Robberies, respectively, Petitioner responded, "well, not exactly . . . I was on the road." *Id.* at 126:11-15. According to counsel's testimony, Petitioner also told counsel that he arrived in Miami a day or two before the 30th and the same for November 24. *Id.* at 151:2-4, 169:18-170:1. More importantly, Petitioner did not provide counsel with any contact information for these alleged alibi witnesses, who were Petitioner's personal friends and acquaintances. *Id.* at 126:17-19. Instead, Petitioner gave

6

counsel his wife's phone number; counsel tried to contact her for several months, without success. *Id.* at 126:20-23. Counsel also instructed Petitioner to have the witnesses contact counsel. *Id.* at 126:23-25. Counsel further testified that when he finally spoke with Petitioner's wife in December 1996, he instructed her to have the alleged alibi witnesses call him. *Id.* at 129:16-24. From counsel's perspective, Petitioner never aided counsel in finding and contacting the alibi witnesses. Moreover, Petitioner indicated to counsel that his alibi witnesses would not be able to provide him with an airtight alibi for the dates of the charged crimes.

A *de novo* review of Petitioner's testimony at the evidentiary hearing supports the conclusion that Petitioner did not aid counsel in finding and contacting his alibi witnesses.[8] Petitioner testified that he did not give counsel any contact information for the alleged alibi witnesses or even for his then-wife. *Id.* at 64:18-20, 64:21-65:1; 88:4-89:1. More importantly, Petitioner also testified that he did not give counsel the details of his alibis. *Id.* at 63:24-64:1; 65:4-8. Further, after giving the names to counsel, Petitioner never followed up with counsel or his wife about the witnesses; he never asked either about the witnesses or if they had been contacted. *Id.* at 96:9-21.

Petitioner's former wife, Juliana, also testified at the evidentiary hearing. She testified that she contacted counsel in September 1996 and December 1996 about alibi witnesses, DE-61, Tr. 7/26, 168:22-169:4; 169:14-19, and met with counsel to discuss alibi witnesses in January

---

[8]According to Petitioner, his grandfather would have been an alibi witness for the 1992 Lozano Robbery. His grandfather testified at Petitioner's sentencing hearing. In recounting that testimony at the evidentiary hearing, Petitioner admitted that his grandfather essentially had testified that he could not say where Petitioner was at any particular time during the summer of 1992 and did not provide any testimony specific to June 29, 1992, the date of the Lozano Robbery. Tr. 11/27 55:16-56:17. Thus, counsel's failure to call Petitioner's grandfather at trial, was not unreasonable, given the vague nature of his testimony.

1997, *id.* at 170:24-171:6. However, in her January 3, 2003 Affidavit, filed at DE-1, pp.76-88, Juliana stated that she first called Petitioner's counsel in early December 1996. Juliana Rizo Aff. at ¶30. Thus, Juliana's testimony has changed over time,[9] undermining the reliability of her recollection on this point.

Therefore, given the very limited information counsel had about the potential alibi witnesses and Petitioner's own statement that he arrived in Miami a day or two before the dates of the charged crimes, it was not unreasonable for counsel to decide not to independently investigate the alibi witnesses. As set out above, the reasonableness of counsel's decision to investigate or not, depends "critically" on the information given to counsel by Petitioner. A *de novo* review of the evidence indicates that neither Petitioner, nor Petitioner's then-wife, gave counsel sufficient evidence to warrant further investigation of Petitioner's alleged alibi witnesses and that Petitioner's own statements to counsel indicated that the witnesses could not provide him with an airtight alibi, making further inquiry fruitless. Consequently, counsel's performance was not deficient and, therefore, Petitioner has not met the first prong of *Strickland*.

*Counsel Was Not Deficient for Failing to Call Alibi Witnesses*

The second aspect of Petitioner's claim is based on counsel's failure to call the alibi witnesses during trial. A *de novo* review of the record, indicates that counsel's performance was not deficient in choosing not to call the alleged alibi witnesses.

At the evidentiary hearing, counsel testified that, even if he had more information about the alibi witnesses and their testimony, he probably would not have chosen to present their

---

[9]Further, statements in her Affidavit about contacting witnesses conflict with the witnesses' own accounts. The Report sets out the specifics of these conflicts on pages 15-16. Thus, the Report's lesser weight to her credibility is appropriate.

8

testimony at trial because it did not present an airtight alibi for Petitioner on the dates of the charged crimes. Tr. 7/27 at 176:3-15; 177:2-10; 178:5-16. Counsel further testified that he will not put on an alibi defense unless it is "perfect." *Id.* at 115:25-116:1. Counsel explained that if the alibi is not perfect, it changes the dynamics of the trial by diluting the Government's heavy burden of proof in a criminal case. *Id.* at 176:4-14.

As set out above, "[w]hich witnesses, if any, to call . . . is the epitome of a strategic decision, and it is one that [a court should] seldom, if ever, second guess." *Waters*, 46 F.3d at 1512. Counsel explained his strategy in only calling "perfect" alibi witnesses because otherwise a jury may focus more on the proof of the alibi than on whether the Government has met its burden of proof. Petitioner has not shown that this is an unreasonable strategic move that no competent counsel would have taken. Further, based on the information counsel had been given, the alibis were not airtight. Consequently, Petitioner's counsel's decision not to call the alibi witnesses was not unreasonable or otherwise deficient. Because Petitioner has failed to establish the first prong of *Strickland*, the Court need not address the second.

Having carefully reviewed, *de novo*, Magistrate Judge Turnoff's Report and Recommendation, the record, including the hearing and sentencing transcripts, and Petitioner's objections, it is hereby

ORDERED that:

(1) The Magistrate Judge's Report and Recommendation Re: Petitioner's Ineffective Assistance of Counsel Claim [DE-67] is AFFIRMED and ADOPTED, and incorporated by reference into this Court's Order, as to its factual findings and its legal conclusion that Petitioner has not met the first prong of *Strickland*;

(2) Petitioner's Objections [DE-71] are OVERRULED;

(3) Petitioner's Request for *De Novo* Hearing [DE-71] is DENIED;

(4) All pending motions not otherwise ruled upon in this Order are DENIED AS MOOT; and

(5) This case is CLOSED.

DONE and ORDERED in Miami, Florida, this 15th day of December, 2014.

*/s/ Patricia A. Seitz*
PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: Magistrate Judge Turnoff
　　All counsel of record